## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Northern Division)

_____

| | |
|---|---|
| JEFFERY ROBERSON, individually<br>and on behalf of all others<br>similarly situated,<br>c/o Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, Maryland 21202<br>(Residence: Georgia),<br><br>        Plaintiffs,<br><br>v.<br><br>COWAN SYSTEMS, LLC,<br>Serve on: Herman E. Funk, Jr.<br>4555 Hollins Ferry Road<br>Baltimore, Maryland 21227,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)    **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.     This is a class action lawsuit brought on behalf of individuals who have signed agreements to be lease drivers for Defendant Cowan Systems, LLC (hereinafter "Defendant" or "Cowan Systems").

2.     Plaintiff Jeffery Roberson alleges, on behalf of himself and others similarly situated, that Defendant has violated 49 U.S.C. § 14704 and its regulations, referred to hereinafter as the Truth-in-Leasing ("TIL") regulations.

3.      Plaintiff further alleges, on behalf of himself and others similarly situated, that Defendant has violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code., Lab. & Empl. § 3-501, *et seq.*

4.      Plaintiff seeks damages, liquidated damages, interest, injunctive relief, attorneys' fees and costs, and all other allowable relief.

## PARTIES

5.      Plaintiff Jeffery Roberson is an adult resident of Monroe, Georgia.  He has been a lease driver for Defendant since approximately January 2022.  He has been an "employee" of Defendant Cowan Systems, LLC within the meaning of the FLSA, the MWHL, and the MWPCL.

6.      For the Truth-in-Leasing claim, Plaintiff brings this action on behalf of a putative class of similarly situated individuals, namely all individuals who have worked as lease drivers for Defendant at any time since October 23, 2019.

7.      For the FLSA claim, Plaintiff brings this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

8.      For the MWHL and MWPCL claims, Plaintiff brings this action on behalf of a putative class of similarly situated individuals, namely all individuals who have

worked as lease drivers for Defendant and have performed some work in Maryland at any time since October 23, 2020.

9.      Defendant Cowan Systems, LLC is a Maryland company, with a mailing address of 4555 Hollins Ferry Road in Baltimore, Baltimore County, Maryland 21227.

10.     Defendant is registered under MC-271882 and US DOT Number 548880. According to the SAFER – FMCSA management information systems, Cowan Systems reported that it operated 2,164 power units (trucks) and had 2,089 drivers as of January 2023.

11.     Defendant Cowan Systems is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

13.     The Court has personal jurisdiction over Defendant because Defendant has corporate offices in Baltimore, Maryland and does business in the State of Maryland.

14.     The Court has personal jurisdiction over Plaintiff and the putative class because they have worked in Maryland and/or for companies that do business in Maryland.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims set forth in this complaint occurred in this judicial district.

16.     For the FLSA claims, Plaintiff brings this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

17.     Plaintiff and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

18.     Pursuant to 29 U.S.C. § 216(b), Plaintiff consents to sue as a plaintiff under the FLSA.  His consent to sue form is attached as Exhibit A.

## FACTS

### I.     Defendant's business.

19.     Defendant Cowan Systems, LLC is a trucking company.

20.     Defendant is licensed with the U.S. Department of Transportation as a carrier and broker.

21.     Defendant employs drivers to transport its customers' freight in interstate commerce.

22.     Defendant is a motor carrier and an authorized carrier under 49 U.S.C. §§ 13901 and 13902, *et seq*.

23.     Defendant is covered by the FLSA, the MWHL, and the MWPCL.

24.     Defendant transports property in equipment leased from and to individual truck drivers and entities, including Plaintiff.

**II.     Allegations relating to Truth-in-Leasing obligations.**

25.     Under federal law, motor carriers such as Cowan Systems may transport property in equipment that they themselves do not own only if the equipment is subject to a written lease agreement that meets DOT's regulatory requirements, known as the Truth-in-Leasing regulations (the "TIL regulations"), 49 C.F.R. § 376, *et seq.*

26.     As explained by the Interstate Commerce Commission when the regulations were promulgated, the purpose of the TIL regulations is to "to eliminate or reduce opportunities for skimming and other illegal or inequitable practices." *Lease and Interchange of Vehicles*, 131 M.C.C. 141, 142 (1979).

27.     TIL regulations require the motor carrier's equipment lease to disclose, in writing, the amount that the motor carrier will pay the driver as compensation. 49 C.F.R. § 376.12(d).  The regulations also require that those leases disclose the details of any charge back items. *Id.* at § 376.12(h).  Leases between a motor carrier and a driver shall specify that the driver is not required to purchase or rent any products, equipment, or services from the motor carrier.  *Id.* at § 376.12(i).  Finally, the regulations require the motor carrier to adhere to the terms of the lease.  *Id.* § 376.12 (introductory paragraph).

28.     In order to become lease drivers for Defendant, individuals must sign several documents, including an Independent Contractor Operating Agreement ("ICOA").

29.     Plaintiff signed an ICOA with Cowan Systems on approximately January 25, 2023, a copy of which is attached as Exhibit B.

30.     The ICOA is a standard-form agreement that Defendant presented to Plaintiff and other lease drivers on a take-it-or-leave it basis and which all lease drivers are required to sign.

31.     Plaintiff also signed an Equipment Lease Agreement with Purchase Option with Cowan Equipment Leasing, LLC on approximately January 26, 2023.

32.     Cowan Equipment Leasing, LLC is an entity affiliated with Defendant Cowan Systems and which shares the same corporate office with Cowan Systems.

33.     The Equipment Lease Agreement is a standard-form agreement that was presented to Plaintiff and other lease drivers on a take-it-or-leave it basis and which all lease drivers are required to sign.

34.     Defendant requires lease drivers to lease their trucks from Cowan Equipment Leasing, LLC

35.     The ICOA constitutes a "lease" under the Truth-in-Leasing regulations, 49 C.F.R. § 376.2(e).

36.     The relationship between Cowan Systems and the lease drivers, including Plaintiff, is subject to the Truth-in-Leasing regulations.

37.     Cowan Systems does not pay all compensation owed to drivers under the ICOA.

38.     The ICOA sets forth the compensation to be paid to drivers; however, drivers do not receive all compensation set forth in the ICOA.

39.     For example, drivers do not receive compensation owed to them upon termination of their relationship with Cowan Systems.

40. When Plaintiff Roberson terminated his relationship with Cowan Systems, he was owed compensation per the ICOA.

41. However, Cowan Systems did not pay him the compensation owed to him and instead informed him that it was holding amounts payable to him and not remitting those amounts to him.

42. Cowan Systems makes deductions or chargebacks from drivers' compensation that are not disclosed properly (or at all) in the ICOA.

43. Nor does the ICOA specify clearly how each chargeback item is calculated and the extent and nature of any mark-ups or administrative fees added by Defendant.

44. For numerous chargebacks, the ICOA states that the amounts charged will be amounts paid "or otherwise incurred" by Cowan Systems.

45. This does not satisfy the requirements of the TIL regulations because it does not clearly specify, disclose, and describe how those amounts have been calculated.

46. For some chargebacks, the ICOA provides inadequate and/or inaccurate information about how amounts are to be calculated, *e.g.*, stating that messaging unit charges "includ[e] no mark-up or administrative charge benefiting" Cowan Systems.

47. The ICOA states that Cowan Systems may charge interest on loans made to drivers for maintenance, repairs, and other expenses but does not adequately specify how such interest will be calculated.

48.     The ICOA states that the charge for base plates will be adjusted each year to account for over- and underpayments, but Defendant does not always make those adjustments and/or credit drivers for overpayments.

49.     Defendant makes numerous deductions from drivers' compensation that are not disclosed at all in the ICOA.

50.     For example, Defendant makes deductions for drivers running out of fuel, despite not clearly disclosing such deductions in the ICOA.

51.     Plaintiff Roberson had deductions of $100 each taken from his compensation on at least three occasions for running out of fuel.

52.     Defendant also makes other undisclosed deductions, *e.g.*, those described as "TAGS – NATIONAL ROAD" ($33 per week for Plaintiff Roberson) and "NATIONAL ROAD PREPASS" ($2.80 per week for Plaintiff Roberson).

53.     The amounts that Cowan Systems deducts from lease drivers' earnings for fuel purchases exceeds the amounts it pays third parties for fuel and contains inadequately disclosed mark-ups.

54.     Cowan Systems does not pass on to drivers all at-pump discounts that it receives from the fuel companies, in contravention of the ICOA.

55.     Defendant does not comply with the Truth-in-Leasing requirements regarding insurance.

56.     Defendant charges lease drivers more for insurance than the actual costs of insurance and does not adequately disclose mark-ups and/or "administrative fees."

57.     Defendant charges lease drivers amounts for insurance that are not disclosed at all in the ICOA.

58.     For example, the ICOA states that physical damage insurance will be deducted as a percentage of the "CONTRACTOR-specified value of Tractor" plus an administrative fee to Cowan Systems, but the ICOA does not include any value of the tractor.

59.     Plaintiff Roberson was charged $98.20 per week for physical damage insurance, but this amount was not properly disclosed.

60.     Plaintiff Roberson was also charged $10 per week for bobtail insurance which was not properly disclosed in the ICOA.

61.     Defendant requires lease drivers to pay an amount from their earnings (typically $0.12 per mile per week up to a total of approximately $12,000) into an escrow fund.

62.     The amounts deducted from lease drivers' earnings for the escrow fund constitute an escrow fund under 49 C.F.R. § 376.2(l).

63.     However, Defendant does not comply with the requirements in the Truth-in-Leasing regulations with respect to escrow funds.

64.     *Inter alia*, Defendant does not properly return amounts deducted for the escrow fund to lease drivers after termination, and those amounts do not properly accrue interest.

65.     At termination, Defendant withholds the funds from the escrow fund from lease drivers for improper and inadequately disclosed purposes, including, *inter*

*alia*: withholding funds for non-maintenance purposes, such as future lease payments; withholding funds for maintenance obligations accruing after the termination of the lease; and withholding funds as unlawful early termination penalties.

66.     Defendant uses a portion of the escrow fund to make payments to Cowan Equipment Leasing, LLC for another escrow fund that constitutes an escrow fund under 49 C.F.R. § 376.2(l) but as to which Defendant does not comply with the TIL regulations, including by not paying interest and not returning the funds upon termination.

67.     Defendant places improper and unlawful conditions on the return of escrow funds under the Truth-in-Leasing regulations.

68.     In using escrow funds for these improper and unlawful purposes, Defendant has essentially turned the funds into general funds used to satisfy any obligations the company wishes to impose, and Defendant has obtained a windfall by using the funds in this way.

69.     Because of Defendant's use of escrow funds for improper and unlawful purposes, lease drivers rarely if ever receive any funds back from the escrow funds despite the fact that these monies are the lease drivers' own earnings that have been retained by Defendant.

70.     Cowan Systems' agreements with lease drivers do not satisfy the requirements of the Truth-in-Leasing regulations.

71.     Additionally, Cowan Systems has not adhered to the terms of its contracts with its lease drivers.

72.     Cowan Systems' retention of portions of drivers' earnings as set forth above constitutes an improper windfall for Cowan Systems.

73.     Lease drivers have suffered harm and have sustained damages from Defendant's actions, including (*inter alia*) improper retention of compensation owed to drivers, improper and excessive deductions from their earnings, and overcharging for fuel and other items.

## FLSA ALLEGATIONS

74.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

75.     Plaintiff Roberson was an "employee" of Defendant under the FLSA.

76.     While driving for Cowan Systems, Plaintiff Roberson directly participated in moving goods and materials in interstate commerce.

77.     While driving for Cowan Systems, Plaintiff Roberson worked in the transportation industry.

78.     Additionally, while driving for Cowan Systems, Plaintiff Roberson himself regularly traveled across state lines hauling freight for Cowan Systems and its customers.

79.     Plaintiff Roberson performed all of this travel while working for Cowan Systems.

80.     Additionally, Cowan Systems has employees engaged in commerce and/or who handle or otherwise work on goods or materials that have been moved in

or produced for commerce, including but not limited to Plaintiff Roberson and other drivers.

81.     On information and belief, Cowan Systems has gross volume sales or business of at least $500,000 annually.

82.     Defendant Cowan Systems classified Plaintiff as an independent contractor when he was really the company's employee.

83.     On information and belief, Defendant classifies all drivers who signed the ICOA (or a similar document) as independent contractors when they are really the company's employees.

84.     Plaintiff and other drivers classified as independent contractors were economically dependent on Defendant.

85.     Under the ICOA, lease drivers are required to adhere to all of Cowan Systems' policies and procedures at risk of termination.

86.     Cowan Systems has established minimum driver qualification standards to which lease drivers are required to adhere.

87.     Cowan Systems requires lease drivers to submit driver logs and other paperwork in order to receive compensation.

88.     Cowan Systems requires lease drivers to submit to medical examinations and drug and alcohol tests at Cowan Systems' discretion.

89.     Cowan Systems has established policies to which lease drivers must adhere regarding pre- and post-trip inspections, and drivers must promptly inform Cowan Systems of any equipment issues.

90.     Cowan System retains exclusive possession, control, and use of the lease drivers' vehicles.

91.     Cowan Systems unilaterally controls whether and to what extent drivers may use their vehicles to perform other work.

92.     Lease drivers are required to have their trucks identified as Cowan Systems vehicles when they are hauling freight for Cowan Systems' customers.

93.     Cowan Systems controls whether lease drivers may have passengers in their vehicles and may unilaterally prohibit drivers from having passengers.

94.     Cowan Systems has designated as confidential trade secrets information about its customers and requires that drivers keep confidential that information as well as Cowan Systems' policies, procedures, forms, etc.

95.     Defendant has exclusive authority over the rates customers are billed for the services Plaintiff and other lease drivers provide.

96.     Defendant issues all bills to its customers for the services Plaintiff and other drivers provide.

97.     Defendant collects all compensation from its customers for the services Plaintiff and other lease drivers provide.

98.     Defendant's customers do not pay Plaintiff or other lease drivers for their services.

99.     Defendant is solely responsible for paying Plaintiff and other lease drivers for the services they provide to Defendant's customers.

100.     Defendant determines the method and rate used to compensate Plaintiff and other lease drivers for their services.

101.     Defendant determines the types and amounts of deductions and chargebacks it takes from the compensation paid to Plaintiff and other lease drivers.

102.     Defendant determines the amounts of the deductions and chargebacks it took from the compensation paid to Plaintiff and other drivers.

103.     Defendant subjects Plaintiff and other lease drivers to a variety of personnel policies, rules, and/or punishments that control and/or direct their activities and/or conduct while they perform services for Defendant and/or its customers.

104.     Defendant has not paid Plaintiff and other lease drivers all wages owed under the FLSA.

105.     Plaintiff and other lease drivers are entitled to be compensated for all hours worked, including but not limited to driving hours, non-driving hours during which the drivers are performing work for Defendant and/or are engaged to wait to perform work for Defendant, etc.

106.     Plaintiff and other lease drivers are entitled to be compensated for sleeping time as required by the FLSA regulations.  Specifically, for tours of duty of less than 24 hours, all sleeping time must be compensated.  29 C.F.R. § 785.21.  For tours of duty of 24 hours or more, no more than eight hours of sleeping time may be deducted from compensable time.  29 C.F.R. § 785.22 .

107.     Plaintiff and other lease drivers were not paid at least the federal minimum wage of $7.25 per hour for all hours worked.

108.    For example, in his pay statement for April 22, 2023, Plaintiff Roberson was paid $168.00 for approximately one week of work in which he drove more than 1,800 miles.  If he worked 40 hours during that time period, a low-end estimate of his hours worked, compensation of $168.00 equates to a sub-minimum wage rate of $4.20 per hour.

109.    Additionally, Cowan Systems improperly withholds lease drivers' wages for their last week(s) of work; when Plaintiff Roberson ended his relationship with Cowan Systems, he was not paid any wages for his last week(s) of work.

### MWHL AND MWPCL ALLEGATIONS

110.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

111.    Plaintiff Roberson worked in Maryland while employed by Defendant.

112.    *Inter alia*, he took trips to Sparrows Point, Maryland on April 5, 2023, and to Baltimore, Maryland (where Cowan Systems has a corporate office) on April 12, 2023, and he took a trip between Halethorpe, Maryland and Sparrows Point, Maryland on April 15, 2023.

113.    Many, if not all, of Defendant's lease drivers worked in Maryland during their employment.

114.    Cowan Systems' ICOA contains a provision stating that it "shall be governed by the laws of the United States and the State of Maryland, without regard to the choice-of-law rules of that State or any other jurisdiction."

115.    Defendant misclassified Plaintiff and other lease drivers as independent contractors when they were in fact employees under Maryland law.

116.    Defendant did not compensate Plaintiff and other lease drivers at the Maryland minimum wage ($12.80 per hour as of January 1, 2023) for all hours worked.

117.    Defendant took unauthorized deductions from the compensation of Plaintiff and other lease drivers, in violation of the MWPCL.

118.    For example, Cowan Systems made deductions for physical damage insurance, bobtail insurance, drivers running out of fuel, "TAGS – NATIONAL ROAD," and "NATIONAL ROAD PREPASS," but it did not receive express written authorization from the drivers for those deductions.

119.    None of these deductions were expressly authorized by Plaintiff or the other lease drivers in writing.

120.    Nor did Defendant pay Plaintiff and other lease drivers all wages owed at the end of employment.

121.    *Inter alia*, at termination, Defendant improperly retained from lease drivers' earnings amounts that had been withheld as escrow funds and amounts purportedly owed for lease payments and other deductions.

122.    Additionally, Cowan Systems improperly withholds lease drivers' wages for their last week(s) of work; when Plaintiff Roberson ended his relationship with Cowan Systems, he was not paid any wages for his last week(s) of work.

## CLASS ALLEGATIONS - TRUTH-IN-LEASING CLAIM

123.    Plaintiff brings his Truth-in-Leasing claims against Cowan Systems as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class for which Plaintiff seeks certification:   All persons who executed contracts to become lease drivers with Cowan Systems at any time since October 23, 2019.

124.    This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

125.    The class is so numerous that joinder of all potential class members is impracticable.  On information and belief, the class is comprised of over two thousand drivers.  Plaintiff does not know the exact size of the class since that information is within the control of Defendant.

126.    There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: the terms of contracts between Defendant and lease drivers; the amounts and nature of deductions made from lease drivers' earnings; and the costs to Defendant for deductions made from lease drivers' earnings.

127.    The class claims asserted by Plaintiff are typical of the claims of potential class members.  Defendant operates in a highly regulated industry that requires it to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers.  Plaintiff's and all class members' claims for damages can readily be calculated from Defendant's business records.

128.    Plaintiff will fairly and adequately protect and represent the interests of the class.  His interest in challenging the unlawful practices of Defendant motivates him to bring this case as a class action.  Plaintiff retained the undersigned counsel, who are experienced in class actions generally and on behalf of individuals working in the trucking industry.

129.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant.  Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendant.

130.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Truth-in-Leasing regulations to drivers, whose individual claims may be too small to warrant the expense of litigation.

131.    This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

132.    The contours of the class will be easily defined by reference to business records kept by Defendant.

133.    Defendant has acted on grounds generally applicable to the class.

### COLLECTIVE ALLEGATIONS – FLSA CLAIM

134.    Plaintiff brings FLSA wage claims for all hours worked against Defendant on behalf of a collective of drivers pursuant to 29 U.S.C. § 216(b).

135.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective as follows:  All individuals who Defendant engaged as lease drivers during the applicable statutory period and who did not timely receive an hourly rate equal to or exceeding federal minimum wage for all hours worked.

136.    These claims meet the requirements for collective action certification under the FLSA.

137.    All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims concerning minimum wage because Defendant engaged all of them as lease drivers but failed to pay them an hourly rate equal to or exceeding federal minimum wage for all the hours they worked.

### CLASS ALLEGATIONS – MARYLAND WAGE CLAIMS

138.    Plaintiff brings his Maryland wage claims (under the MWHL and the MWPCL) against Cowan Systems as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class for which Plaintiff seeks certification:   All persons who executed contracts to become lease drivers with Cowan Systems at any time since October 23, 2020, and who have performed some work in Maryland.

139.    This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

140.    The class is so numerous that joinder of all potential class members is impracticable.  On information and belief, the class is comprised of over one thousand drivers.  Plaintiff does not know the exact size of the class since that information is within the control of Defendant.

141.    There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: the economic realities of relationship between Defendant and the lease drivers, including the control exercised by Defendant over the terms of the lease drivers' employment; compensable hours worked by lease drivers; compensation paid to lease drivers; deductions from wages not expressly authorized in writing; and non-payment of all wages owed at termination.

142.    The class claims asserted by Plaintiff are typical of the claims of potential class members.  Defendant operates in a highly regulated industry that requires it to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers.  Plaintiff's and all class members' claims for damages can readily be calculated from Defendant's business records.

143.    Plaintiff will fairly and adequately protect and represent the interests of the class.  His interest in challenging the unlawful practices of Defendant motivates him to bring this case as a class action.  Plaintiff retained the undersigned counsel, who are

experienced in class actions generally and on behalf of individuals working in the trucking industry.

144.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendant.  Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendant.

145.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Maryland wage laws, whose individual claims may be too small to warrant the expense of litigation.

146.    This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

147.    The contours of the class will be easily defined by reference to business records kept by Defendant.

148.    Defendant has acted on grounds generally applicable to the class.

**CLAIMS FOR RELIEF**

**COUNT I: TRUTH-IN-LEASING CLAIMS**

149.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

150.    Defendant Cowan Systems is a motor carrier licensed with the U.S. Department of Transportation.

151.    Defendant Cowan Systems has violated the Truth-in-Leasing regulations, as set forth above, including improper, undisclosed and/or excessive deductions from lease drivers' compensation.

152.    The terms of Defendant's contracts with lease drivers have not adhered to the Truth-in-Leasing regulations, and Defendant has not adhered to the terms of the contracts.

153.    Pursuant to 49 U.S.C. § 14704(a), Defendant Cowan Systems is liable to Plaintiff and the other drivers for the damages that they suffered on account of Defendant's violations of the Truth-in-Leasing regulations and are also liable for injunctive relief to remedy those violations.

154.    Plaintiff brings this claim on behalf himself and all others similarly situated under 49 U.S.C. § 14704(a).

**COUNT II:  FLSA CLAIMS**

155.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

156.    Defendant Cowan Systems violated the FLSA, as detailed above, by failing to pay Plaintiff and other lease drivers an hourly rate equal to or exceeding the federal minimum wage for all the hours they worked for Defendant.

157.    Defendant is liable to Plaintiff and other lease drivers for the damages that they suffered on account of its violations of the FLSA.

158.    Defendant's violation of the FLSA was willful, and Defendant has not acted in good faith and with a reasonable belief that it had paid drivers all wages owed under the FLSA.

159.    Plaintiff brings this claim on behalf himself and all others similarly situated under 29 U.S.C. § 216(b).

**COUNT III:  MWHL CLAIMS**

160.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

161.    Defendant Cowan Systems violated the MWHL, as detailed above, by failing to pay Plaintiff and other lease drivers an hourly rate equal to or exceeding the Maryland minimum wage for all the hours they worked for Defendant.

162.    Defendant is liable to Plaintiff and other lease drivers for the damages that they suffered on account of its violations of the MWHL.

163.    Defendant has not acted in good faith and with a reasonable belief that it had paid drivers all wages owed under the MWHL.

164.    Plaintiff brings this claim on behalf himself and all others similarly situated under Md. Code., Lab. & Empl. § 3-427.

## COUNT IV:  MWPCL CLAIMS

165.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

166.     Defendant Cowan Systems violated the MWPCL, as detailed above, by taking deductions from drivers' wages that were not expressly authorized in writing and by not paying all wages owed upon termination.

167.     Defendant is liable to Plaintiff and other lease drivers for the damages that they suffered on account of its violations of the MWPCL.

168.     Defendant's violation of the MWPCL was not as a result of a bona fide dispute.

169.     Plaintiff brings this claim on behalf himself and all others similarly situated under Md. Code., Lab. & Empl. § 3-507.2.

## JURY DEMAND

Plaintiff, individually and on behalf of others similarly situated, hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

b.     Appointing Plaintiff Jeffery Roberson as class representative and his counsel as class counsel;

c.     A judgment against Defendant Cowan Systems, LLC for all damages that lease drivers sustained as a result of its violations of the Truth-in-Leasing regulations, including but not limited to restitution for all compensation not paid, all improper deductions and chargebacks made, all amounts improperly retained by Defendant in excess of costs or expenses, and all other damages;

d.     Injunctive relief requiring Defendant to comply fully with the Truth-in-Leasing regulations in its contracts and in the deductions and chargebacks it takes from lease drivers' earnings;

e.     Pre- and post-judgment interest;

f.     Attorneys' fees and costs, pursuant to 49 U.S.C. § 14704(e);

g.     Certification of an opt-in class for Plaintiff's FLSA claims against Defendant pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*;

h.     Permission for Plaintiff to notify fellow drivers of their right to opt into this action to pursue a claim against Defendant under the FLSA, pursuant to 29 U.S.C. § 216(b);

i.     An award of damages against Defendant for all unpaid minimum wages that are due to Plaintiff and all similarly situated lease drivers under the FLSA;

j.     Statutory liquidated damages against Defendant under the FLSA;

k.     A finding that Defendant's violation of the FLSA was willful and that, therefore, the statute of limitations for the FLSA claim is three years;

l.     An award of damages against Defendant for all unpaid minimum wages that are due to Plaintiff and all similarly situated lease drivers under the MWHL;

m.     Statutory liquidated damages against Defendant under the MWHL;

n.     An award of damages against Defendant for all unlawful deductions and all wages owed but not paid at termination to Plaintiff and all similarly situated lease drivers under the MWPCL;

o.     Treble damages under the MWPCL;

p.     Attorneys' fees, costs, and/or interest; and

q.     Any other relief as this Court deems just and proper.

Respectfully submitted,

JEFFERY ROBERSON, individually and on
behalf all others similarly situated,

By his attorneys,

Anisha S. Queen (Bar No. 20766)
Brown Goldstein & Levy LLP
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel:  (410) 962-1030
Fax:  (410) 385-0869
aqueen@browngold.com

Hillary Schwab, Esq.
    *Pro hac vice* application forthcoming
Rachel Smit, Esq.
    *Pro hac vice* application forthcoming
Brant Casavant, Esq.
    *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
brant@fairworklaw.com

Dated: October 23, 2023